```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

GLEN ELLYN PHARMACY, INC.,      )
etc.,                           )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  12 C 6160
                                )
ENVISION PHARMACEUTICAL         )
SERVICES, INC., et al.,         )
                                )
          Defendants.           )
```

MEMORANDUM ORDER

This Court has received by random assignment this putative class action by Glenn Ellyn Pharmacy, Inc. ("Glen Ellyn") against Envision Pharmaceutical Services, Inc. and ten unidentified "Doe" codefendants, invoking theories of recovery under the Telephone Consumer Protection Act ("Act"), the Illinois Consumer Fraud Act (815 ILCS 505/2) and common law for the asserted sending of unsolicited advertisements via fax. Complaint ¶2 asserts the kinds of claimed damages that a substantial number of federal judges have found to be de minimis:

> 2. The TCPA expressly prohibit unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

But because Congress considered the problem as sufficiently significant to adopt the Act, this Court--even though it also

views the principal beneficiaries of the statute as the lawyers who file such lawsuits rather than any individual plaintiff--has consistently rejected Fed. R. Civ. P. ("Rule") 12(b)(6) motions seeking their dismissal.

    That said, this Court is contemporaneously issuing its customary initial scheduling order together with this memorandum order.  Glen Ellyn's counsel will be expected to comply with the advance disclosure requirements of Rule 26 in anticipation of the initial status hearing.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  August 8, 2012